IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OTIS MAURICE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 3:06-CV-828 |
| | ) |
| R. Hough, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. Section 1915A.

For the reasons set forth below, the Court **GRANTS** Plaintiff leave to proceed against Defendant on his Eighth Amendment excessive use of force claim, **ORDERS** that Defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure, **ORDERS** the Clerk to forward this case to the United States Marshals Service for service of process along with ac copy of this order, and **ORDERS** the U.S. Marshals Service to effect service of process on Defendant R. Hough.

BACKGROUND

Pro se Plaintiff, Otis Jones, a prisoner confined at the Indiana State Prison submitted a complaint under 42 U.S.C. section 1983, alleging that Correctional Officer R. Hough used excessive and unnecessary force on him in violation of the Eighth Amendment's

cruel and unusual punishments clause.

DISCUSSION

Pursuant to § 1915A(a), this Court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The defendant in this case is a governmental officer.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The Court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000). As stated by the Seventh Circuit Court of Appeals:

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Jones brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Jones alleges that on October 25, 2006, Officer Hough used mace on him "for no cause," causing him injury. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities; and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*,

3

467 U.S. at 73. Giving Jones the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim under the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992).

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff leave to proceed against Defendant on his Eighth Amendment excessive use of force claim;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **ORDERS** the U.S. Marshals Service to effect service of process on Defendant R. Hough, and **ORDERS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.


DATED: January 22, 2007            /s/RUDY LOZANO, Judge
                                   United States District Court

4